# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN J. IZAGUIRRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 19 C 1454 |
| v. | ) |
| | ) Judge John Z. Lee |
| CROWN ENERGY SERVICES, INC., d/b/a | ) |
| ABLE ENGINEERING SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff John J. Izaguirre, who is proceeding *pro se*, sued his employer, Defendant Crown Energy Services, Inc., d/b/a Able Engineering Services ("Able"), alleging that Able has discriminated against him on the basis of color, national origin, race, age, and disability. Able has moved to dismiss Izaguirre's complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). For the reasons stated herein, Able's motion is granted.

## Factual and Procedural Background[1]

Izaguirre has worked for Able since September 2013 and is currently employed as an Operating Engineer. Compl. at 9, ECF No. 1.[2] According to documentation from the EEOC, Izaguirre filed a charge of national-origin discrimination against Able on August 10, 2018. *Id*. The charge states that Able failed to contribute to Izaguirre's pension from January 2014 to February 2015.

---

[1] The following facts are taken from Izaguirre's complaint and are accepted as true at this stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (stating that, at the motion-to-dismiss stage, the court "accept[s] as true all well-pleaded facts alleged").

[2] Included with Izaguirre's complaint are several pages of documents from the Equal Employment Opportunity Commission ("EEOC"). *See* Compl. at 7–12. As these documents are not identified with exhibit labels or page numbers, the Court cites to them using the ECF page number at the top of each page.

Izaguirre then filed an amended charge of national-origin discrimination and retaliation on December 12, 2018. *Id.* at 8. The amended charge reiterates that Able failed to contribute to Izaguirre's pension from January 2014 through February 2015, and adds that Able also failed to provide him with health insurance for the same period. *Id.* Additionally, the charge states that Izaguirre was subjected to harassment, falsely accused of criminal conduct, and suspended twice. *Id.* It further indicates that Izaguirre has been treated differently than his white co-workers, including having his time-off requests rejected or rescinded and being forced to perform duties outside of his job description. *Id*. Finally, it states that Able failed to step in when a co-worker hacked Izaguirre's social media account. *Id.* at 8.

The EEOC issued Izaguirre a notice of right to sue on December 13, 2018. *Id.* at 7. This lawsuit followed on February 28, 2019. *Id.* at 1. Izaguirre's complaint indicates that Able failed to accommodate his disabilities, failed to stop harassment, retaliated against him, "suspended [him] for [an] alleged murder conspiracy," and suspended him in December 2017 in retaliation for complaining about harassment by a coworker who "accu[sed] [Izaguirre] of plotting to murder him." *Id.* at 4–5. Based on this conduct, Izaguirre brings claims for discrimination on the basis of color, national origin, and race, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; discrimination on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"); and discrimination on the basis of disability, in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA*"). Id*. ¶ 4.

## **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for insufficient service of process. "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chi.*, 646 F.3d

1001, 1005 (7th Cir. 2011). Where the plaintiff has not met his burden "and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id.* "[T]he decision of whether to dismiss or extend the period for service is inherently discretionary." *Id.*

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint "need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim at its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss, a court must accept as true all well-pleaded allegations in the complaint and must draw inferences in the plaintiff's favor. *See Tamayo*, 526 F.3d at 1081. Documents filed by a *pro se* party are "to be liberally construed [and] a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted).

## Analysis

Able moves to dismiss pursuant to Rule 12(b)(5), arguing that it was not served with process in accordance with Rule 4. In addition, Able contends, Izaguirre's complaint should be dismissed pursuant to Rule 12(b)(6) because (1) he did not file a timely charge with the EEOC; and (2) he failed to exhaust his administrative remedies with regards to age, color, disability, and race discrimination.

As to the issue of service, Able provides the declaration of Russell Hale, a Senior Human Resources Business Partner at Able. *See* Def.'s Mem. Supp. Mot. Dismiss, Ex. A ("Hale Decl."), ECF No. 15-1. Hale states that Izaguirre visited Able's office on February 28, 2019, and handed

a copy of the complaint and summons to Lucy Wasson, an administrative assistant. *Id.* ¶¶ 5–6. Accordingly, Able contends, Izaguirre's attempt at service violates Rules 4(c)(2) and 4(h).

This is correct. Rule 4(c)(2) requires that a summons be served by an individual who is "not a party" to the litigation. Fed. R. Civ. P. 4(c)(2). Here, because Izaguirre is a party, he cannot personally serve Able. This requirement applies with equal force to *pro se* plaintiffs. *See Gharb v. Rockwell Automation*, No. 11-cv-405, 2011 WL 5373989, at *3 (N.D. Ill. Nov. 4, 2011) (explaining that plaintiff's *pro se* status "does not excuse failure to properly serve process under Rule 4").

Izaguirre's attempt at service is improper for the additional reason that it violates Rule 4(h), which requires that a corporation be served via delivery of the complaint and summons to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of that corporation. Fed. R. Civ. P. 4(h). Here, Izaguirre hand-delivered a copy of the complaint and summons to an administrative assistant who is not authorized to accept service on Able's behalf. *See* Hale Decl. ¶ 6.

Izaguirre does not dispute the facts in Hale's declaration concerning his attempt at service; rather, he states that Able's motion to dismiss indicates that it is aware of the current action, such that Able "should consider itself served." Pl.'s Resp. Opp. Mot. Dismiss at 2, ECF No. 37. But a court "may not excuse the requirement of service altogether," and actual notice does not suffice. *See Falconer v. Gibsons Rest. Grp. LLC*, No. 10 C 1013, 2011 WL 43023, at *1 (N.D. Ill. Jan. 6, 2011) (citing *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) ("Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4.")).

Able raises additional concerns about the timeliness and sufficiency of the complaint. First, Able argues that Izaguirre's Title VII retaliation claim was not raised in a timely EEOC charge.

Under Title VII, a charge of employment discrimination must be filed with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Here, Able points out that Izaguirre was suspended in December 2017, but did not raise a retaliation claim with the EEOC until he filed his amended charge one year later. Still, the Court cannot conclude that this claim is time-barred, because it is not clear from his complaint and EEOC filings whether the suspension is the only conduct that is alleged to have been retaliatory. Izaguirre's amended EEOC charge alleges a continued course of conduct that could form the basis of a timely retaliation claim, if it occurred within 300 days of the amended charge. To properly rule on the timeliness of the retaliation claim, the Court needs more information regarding what alleged conduct is alleged to have been retaliatory and on what dates that conduct occurred.

Able also contends that Izaguirre failed to exhaust his administrative remedies with regard to his claims of age, color, disability, and race discrimination, as his EEOC charge did not disclose any of those as a basis for discrimination. Generally, a plaintiff cannot bring an employment-discrimination claim without first raising it in a timely EEOC charge. *See Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 664 (7th Cir. 2010); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003). But because most EEOC charges are drafted by laypersons, a plaintiff enjoys "significant leeway," and need not allege "each and every fact that combines to form the basis of each claim" in his complaint in an EEOC charge. *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). Accordingly, a plaintiff's claim is cognizable if it is (1) "like or reasonably related" to the allegations in the charge, and (2) reasonably expected to grow out of an EEOC investigation of the charge. *Id.* Claims are not alike or reasonably related unless there is a "factual relationship between them." *Id.* at 501. The EEOC charge and the complaint "must, at minimum, describe the *same conduct* and implicate the *same individuals.*" *Id.* (emphasis in original).

As Able points out, Izaguirre's original and amended EEOC charges include no allegations related to age or disability discrimination. Similarly, Izaguirre's charges failed to put the EEOC on notice of race or color discrimination. Izaguirre checked only the boxes for national origin discrimination and retaliation, and the charges reference only his Mexican heritage. *See* Compl. at 8–9. But a charge alleging only national-origin discrimination does not encompass color or race discrimination. *See, e.g., Straub v. Jewel Food Stores, Inc.*, No. 17 C 06401, 2018 WL 1993394, at *2 (N.D. Ill. Apr. 27, 2018) (dismissing color-discrimination claim where EEOC charge alleged only race discrimination); *Evans v. Folding Guard Co.*, No. 15 C 7694, 2016 WL 233095, at *2 (N.D. Ill. Jan. 20, 2016) (same); *Howell v. Rush Copley Med. Grp. NFP*, No. 11 C 2689, 2012 WL 832830, at *3–4 (N.D. Ill. Mar. 12, 2012) (same); *Thompson v. Fairmont Chi. Hotel*, 525 F. Supp. 2d 984, 990–91 (N.D. Ill. June 19, 2007) (dismissing color-discrimination claim where EEOC charge alleged race and national-origin discrimination). Accordingly, Izaguirre cannot proceed with his claims of race and color discrimination, because they are not reasonably related to his EEOC charges based on national-origin discrimination.

## Conclusion

For the foregoing reasons, Able's motion to dismiss is granted. The complaint is dismissed without prejudice for lack of proper service and pursuant to Rule 12(b)(6). Izaguirre is granted leave to file an amended complaint, consistent with this order, by August 13, 2019. Within 30 days of the filing of any amended complaint, he must effectuate service of that complaint on Able.

**IT IS SO ORDERED.**             **ENTERED: 7/24/19**

_____
**John Z. Lee
United States District Judge**